## MATTER OF FRANK

In Visa Petition Proceedings.

A-11672453

*Decided by District Director April 13, 1966*

Since the term "exceptional ability" as used in section 203(a)(3), Immigration and Nationality Act, as amended by P.L. 89-236, contemplates something more than what is usual, ordinary or common, and requires some rare or unusual talent, or unique or extraordinary ability in a calling which, of itself, requires talent or skill, beneficiary's petition for third preference classification based on his claim of exceptional ability as a dress designer and milliner is denied for failure to establish exceptional ability within the meaning of the statute as the accompanying evidence indicates all his training and experience have been in the field of tailoring; his ability does not exceed that normally expected of a journeyman tailor; and there is no evidence he has had any exhibits of his designs, has ever been recognized as a fashion designer by that industry in any country, or that he has any degree of competence as a milliner.

The beneficiary seeks to classify himself as a preference immigrant under subsection 203(a)(3) of the Immigration and Nationality Act, as amended, based upon his claim of exceptional ability as a dress designer and milliner. That subsection provides, in the part here pertinent, that preference classification thereunder may be given "to qualified immigrants .... who because of their exceptional ability in ... the arts will substantially benefit prospectively in the national economy, cultural interests, or welfare of the United States."

The term "exceptional ability," as used in the above quoted subsection of the Act, contemplates something more than what is usual, ordinary or common, and requires some rare or unusual talent, or unique or extraordinary ability in a calling which, of itself, requires talent or skill.

Evidence submitted with the petition establishes that the petitioner completed a course in tailoring and cutting offered by the Beakope Tailoring Establishment, Georgetown, British Guiana on July 30, 1940 and that he was employed in British Guiana as a journeyman tailor for some fifteen years. Following his arrival in the United

States, he was employed as an alterations' tailor and clerk at State Jewelers and Clothiers, Chicago, Illinois from January of 1964 until October of 1965.

He claims to be presently self-employed as a dressmaker, designer and tailor in addition to teaching dressmaking and millinery about 10 hours a week at the Newberry Center in Chicago. In that connection, he has submitted eight letters from his customers and students expressing their satisfaction with his work as a tailor, dressmaker and designer and his ability as a teacher, and, in addition, he has presented several sketches and patterns which he purports to be originals created by him.

The definition of Master Tailor (i.e. custom tailor; journeyman tailor; made-to-measure tailor; tailor), as given in the Dictionary of Occupational Titles [1] is, in substance, as follows:

Designs and makes tailored garments, such as suits, topcoats, overcoats and other dress clothing, applying principles of garment design, construction and styling. Confers with customer to determine type of garment and style desired. Measures customer for size and records measurements for use in preparing patterns and making the garment. Develops designs for garment or copies existing designs. Draws individual pattern for garment or alters standard pattern to fit customer's measurements. Outlines patterns or garment parts on fabrics and cuts fabric along outlines, using shears. Assembles garments, sewing padding to coat fronts, lapels and collars to give them shape and joining garment parts with basting stitches, using needle and thread or sewing machine. Fits basted garment on customer and marks areas requiring alterations. Alters garment and joins parts, using needle and thread or sewing machine. Sews buttons and button holes to finish the garment. May supervise activities of other workers in tailoring shop.

The evidence the petitioner has submitted has been very carefully reviewed and it has been concluded that all of his training and experience has been in the field of tailoring as defined in the Dictionary of Occupational Titles under the heading of Master Tailor. The letters submitted in support of his ability in the field tend to indicate that he is a qualified journeyman tailor. However, none of the aforementioned letters were written by persons claiming to be experts in the field and none of the writers state their qualifications to evaluate the petitioner's ability or the quality of his work. The sketches and patterns he has submitted, appear to be the usual working drawings used in the tailoring trade. There is no evidence that he has had any exhibits of his designs or that he has ever been recognized as a fashion designer by that industry in the United States or in any other country. Further, there is nothing in the record which would indicate that he has any degree of competence as a milliner.

[1] Volume 1, Definitions of Titles, Third Edition, 1965, published by the United States Department of Labor.

On the basis of all of the evidence, it is concluded that the petitioner's ability does not exceed that normally expected of a journeyman tailor. Therefore, he has failed to establish that he is a person of exceptional ability in the arts as contemplated by subsection 203 (a) (3) of the Immigration and Nationality Act.

ORDER: It is ordered that the petition be and the same is hereby denied.